*Frank W. Volk*
Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

| IN RE: | CASE NO. 2:14-bk-20526 |
|---|---|
| HERMAN N/M/N TRENT, SR. and, TERESA ANN TRENT | CHAPTER 7 |
| Debtors. | JUDGE VOLK |
| ROBERT L. JOHNS, TRUSTEE, | ADVERSARY PROCEEDING NO. 2:15-ap-02035 |
| Plaintiff, v. | |
| FIRST COMMUNITY BANK, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER
DENYING TRUSTEE'S
MOTION FOR SUMMARY JUDGMENT**

Pending is Chapter 7 Trustee Robert L. Johns' ("Trustee") motion for summary judgment [Dckt. No. 53], filed October 14, 2016.

This is a core proceeding pursuant to 28 U.S.C. § 157. The Court is vested with subject jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

**I.**

On October 8, 2014, the Debtors, Herman n/m/n Trent, Sr. ("Herman Trent") and Teresa Ann Trent ("Teresa Trent"), petitioned for relief under Chapter 7 of the Bankruptcy Code. The petition claims $2,400 as exempt in a truck valued at $5,000. The truck and the exemption are the subject of Trustee's motion for summary judgment.

On May 9, 2014, First Community Bank (the "Bank") wrote a loan to Herman Trent in the amount of $7,044.80, which enabled him to purchase a 2005 Ford Ranger Truck, vehicle identification number 1FTZR15E85PA21023 (the "Truck"). That same day, the Bank disbursed $6,735.50 of the proceeds to Auto Discount Exchange, Inc., by check, and Herman Trent took possession of the Truck.

On July 21, 2016, the certificate of title to the Truck was registered in Herman Trent's name. On August 19, 2014, the Bank perfected its security interest in the Truck by registering its name and address on the face of the West Virginia Certificate of Title as the first lien creditor. The Bank filed a proof of claim against the Trents on February 5, 2016, in the amount of $6,509.72, secured by the Truck.

The Trustee moves for summary judgment, asserting that the transfer of interest in the vehicle should be avoided because it was on account of an antecedent debt and that the Bank will receive preferential treatment because it is receiving more than it would have had the transfer not occurred. In addition to avoidance, the Trustee seeks to recover post-petition payments made to the Bank by the Debtors. The Bank replies that the Trustee has not met his burden, namely, a showing that the Bank will receive more than it would have had the transfer not been made.

## II.

**A.    Governing Standard**

### *1.    Summary Judgment*

Federal Rule of Civil Procedure 56, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, authorizes summary judgment only if "there is no

2

genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c), Fed. R. Bankr. P. 7056. Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).. The nonmoving party must do so by offering "sufficient proof in the form of admissible evidence" rather than relying solely on the allegations of her pleadings. *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

The Court must "view the evidence in the light most favorable to the [nonmoving] party." *Tolan v. Cotton*, ––– U.S. ––––, 134 S. Ct. 1861, 1866, 188 L.Ed.2d 895 (2014) (internal quotation omitted). "The court ... cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568–69 (4th Cir. 2015). In general, if "an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." Fed. R. Civ. P. 56 advisory committee's note to 1963 amendment.

## 2.     Avoidance Under § 547(b)

A "preference" is transfer that enables a creditor to receive payment of a greater percentage of his claim against the debtor than he would have received if the transfer had not been made and he had participated in the bankruptcy process. *In re Railworks Corp.*, 760 F.3d 398, 402 (4th Cir. 2014). The Trustee may recover, for the benefit of the estate, property transferred to the extent that the transfer is avoided as preferential. 11 U.S.C. § 547(b). A preferential transfer is not avoidable unless all five elements of 11 U.S.C. 547(b) are met:

3

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made--
> (A) on or within 90 days before the date of the filing of the petition;
>
> or
>
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> (5) that enables such creditor to receive more than such creditor would receive if—
>
> (A) the case were a case under chapter 7 of this title;
>
> (B) the transfer had not been made; and
>
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b); *In re CVEO Corp.*, 327 B.R. 724, 728 (Bankr. D. Del. 2005). Under certain circumstances where a transfer is deemed preferential, the trustee may recover, for the benefit of the estate, post-petition payments paid by the debtor under § 550. 11 U.S.C. § 550. It bears noting, however, that avoidability and recovery are distinct. Avoidability does not automatically lead to recovery. Although the avoidance of a transfer is necessary to recover from a transferee, avoidance of a transfer does not automatically entitle the trustee to a recovery under § 550. *In re Railworks Corp.*, 760 at 403 (4th Cir. 2014) (quoting *Suhar v. Burns (In re Burns)*, 322 F.3d 421, 427 (6th Cir. 2003)).

**B.     Analysis**

A transfer of interest may constitute an avoidable preference if the trustee proves each element of § 547(b) by a preponderance of the evidence. 11 U.S.C. § 547(g); *In re Smith's Home Furnishings, Inc.*, 265 at 967 (9th Cir. 2011) (The trustee "'has the burden of proving by a preponderance of the evidence every essential, controverted element resulting in the preference.'") (quoting 4 *Collier on Bankruptcy* ¶ 547.21[5] at 547-93 (15th ed.1993)); *Advo-Sys., Inc. v. Maxway Corp.*, 37 F.3d 1044, 1047 (4th Cir. 1994).

Beginning in chronological order, § 547(b)(1) requires that the transfer be made to or for the benefit of a creditor. Here, it is indisputable that Herman Trent transferred his interest in the Truck to the Bank in exchange for a loan. Next, § 547(b)(2) requires the transfer be on account of an antecedent debt. That term is left undefined by the Code, but case law indicates a debt is antecedent if incurred before transfer. *See In re Cybermech, Inc.*, 13 F.3d 818, 821-22 (4th Cir. 1994) ("Because the debt was incurred some three weeks before the transfer, the refund payment to Royal was plainly made "on account of [that] antecedent debt"). In other words, a debt is antecedent where any "liability on a claim" commences before transfer. *Id*. The Code indicates that transfer occurs upon perfection. 11 U.S.C. § 547(e)(2); *Barnhill v. Johnson*, 503 U.S. 393, 397 (1992) ("What constitutes a transfer and when it is complete is a matter of federal law.")(internal citations omitted). Specifically, § 547(e)(2) states transfer occurs at one of three points in time:

> (A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 30 days after, such time, except as provided in subsection (c)(3)(B);
>
> (B) at the time such transfer is perfected, if such transfer is perfected after such 30 days; or
>
> (C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of--

    (i) the commencement of the case; or

    (ii) 30 days after such transfer takes effect between the transferor and the transferee.

11 U.S.C. § 547(e)(2). Here, Herman Trent acquired rights in the Truck when he took possession of it on May 9, 2014. Transfer, however, did not occur until the Bank perfected its security interest on August 19, 2014, when its name and address were transcribed on the Truck's certificate of title. Because perfection occurred 102 days after Herman Trent took possession of the vehicle and thus 102 days after Herman Trent acquired liability on the claim, the transfer was made on account of an antecedent debt. Section 547(b)(3) requires the transfer be made while the debtor is insolvent. A debtor is presumed insolvent during the 90 days preceding the date of filing the petition. 11 U.S.C. § 547(f); *Union Bank v. Wolas*, 502 U.S. 151, 160 (1991). Insolvency is a rebuttable presumption. *In re Boden Min. Corp.*, 11 B.R. 562, 567 (S.D. W.Va. 1981). Here, the Bank did not refute the presumption of insolvency. Thus, Herman and Teresa Trent were insolvent on August 19, 2014, when the transfer was made. Section 547(b)(4) is met inasmuch as the transfer occurred on August 19, 2014, and the Trents petitioned for relief on October 8, 2014, and thus transfer occurred within 90 days of filing the petition.

    The Trustee has thus established the first four elements of § 547(b). There appears, however, to be a failure of proof respecting the fifth element, § 547(b) (5). There is no evidence that the bank will receive more than it would (1) had the case been filed under Chapter 7, (2) had the transfer had not been made, and (3) had it received payment to the extent provided under Chapter 11. The Trustee offers only a statement reciting § 547(b)(5) as a means to prove the element. Lacking any calculation or tangible evidence that the Bank is in a more favorable position resulting from transfer summary judgment based upon an avoidable preference is inappropriate.

6

## III.

Based upon the foregoing discussion, it is **ORDERED** that Trustee's Motion for Summary Judgment be, and is hereby, **DENIED**. A separate order will enter setting further necessary case events herein.